## LOGAN *et al. v.* DRISCOLL *et als.*

PLAINTIFFS are owners of mining claims located in the bed of a creek, and defendants own claims situated on a hill in the vicinity.   The refuse matter . washed from defendants' claims is deposited on plaintiffs' claims, to such an extent as to render the working of them impracticable.   Plaintiffs' claims were first located, and are valuable only for the gold they contain : *Held,* that plaintiffs are entitled to damages for the injuries done their claims by such deposit, and to an injunction against the same in future; that the enjoyment of their claims lies in the use necessary to obtain the gold, and that to interrupt this use is to take away the opportunity to enjoy, and defeat the object for which they were located and taken possession of.

The rule *qui prior est in tempore potior est in jure* applies in such cases.

The position that, so long as the use made by defendants of their claims is not in itself unlawful, plaintiffs cannot complain of its effect upon them, is untenable, because no use is lawful which precludes plaintiffs from the enjoyment of their rights.

This decision does not conflict with *Esmond* v. *Chew* (15 Cal. 137).

APPEAL from the Fourteenth District.

Action to recover damages for injuries to plaintiffs' mining claims, and for a perpetual injunction.

The facts are, that plaintiffs were the owners of valuable mining claims, situate in the bed of a stream called " Shady Creek," and had expended large amounts of money in running a cut through solid rock, and in building flumes and dams, and digging ditches for working the claims.   The defendants were the owners of claims in the hill above the claims of the plaintiffs, called " Pleasant Hill."   A steep gulch, called " Morgan Ravine," led from near defendants' claims to " Shady Creek," and intersected the creek at about right angles with its course, at the claims of plaintiffs.

The defendants, in working their claims, caused large quantities of rock and earth to rush down the hill, by the force of the water they used, which striking the plaintiffs' claims at right angles, filled up their cut, destroyed their sluices, flumes and ditches, and rendered it impossible for plaintiffs to use their claims.

From the testimony of some witnesses for plaintiffs, it would appear that the continuation of work upon defendants' claims involved the total ruin of plaintiffs' claims, and would render property of great value before, utterly worthless. Plaintiffs used every exertion to avoid the difficulties, but found it impossible. Plaintiffs' claims were located and used, in the same manner in which they were used at the date of the alleged grievances, long prior to the location of the hill claims by defendants.

Several instructions were asked and given for plaintiffs, and the Court, upon its own motion, gave certain instructions, the substance of which was, that a subsequent locator has no right to so work and use his claims that a prior locator shall be thereby deprived of the use of his claims ; or, in other words, that such use of his claim, by a subsequent locator, is not a reasonable use, and that in such case the rule of first in time, first in right, applies.

Defendants, among other instructions, asked the following, which was refused :   " Every person is equally entitled to mine upon the public mineral lands of this State, and to the use of all necessary requisites to enable him to work the same ; and where, from the situation of different claims, the working of some will necessarily result in injury to others, if the injury be the natural and necessary consequence of the exercise of this right, it will be ' *damnum absque injuria*,' (damage without injury) and will furnish no cause of action to the party injured."

Verdict for plaintiffs, assessing the damages at one hundred and fifty dollars. Judgment for the amount of the damages assessed, and perpetually restraining defendants from causing refuse matter to flow from their claims down on to the plaintiffs' claims so as to interfere with or obstruct the working of the same. Defendants appeal.

*McConnell & Garber*, for Appellants, cited the brief for Ap-

pellants in *Esmond* v. *Chew* (15 Cal. 138) ; *Clark* v. *Foote*, 8 John. 421 ; *Steele* v. *Western*, 2 Id. 283 ; *Lasala* v. *Holbrook*, 4 Paige Ch. 169 ; *Bush* v. *Brainard*, 1 Cow. 78 ; *Mahan* v. *Brown*, 13 Wend. 261 ; *Parker* v. *Foote*, 19 Id. 309 ; 4 Coms. 200, 201 ; *Partridge* v. *Scott*, 3 Meeson & W. 220 ; 9 Barn. & Cress. 725 ; 6 Brigham's N. C. 1 ; *Panton* v. *Holland*, 17 Johns. 92 ; *Thurston* v. *Hancock*, 12 Mass. 220.

*Sargent & Niles*, for Respondents, cited *Hay* v. *The Cohoes Co.*, 2 Comst. 161 ; *Palmer* v. *Mulligan*, 3 Caines, 320 ; *Anthony* v. *Lapham*, 5 Pick. 175 ; *Evans* v. *Merriweather*, Scam. Ill. 496 ; Angell on Water Courses, secs. 116, 129 ; 3 Kent. 440, 572 ; *Cary* v. *Daniels*, 8 Met. 466.

*Geo. Cadwalader*, also for Respondents, cited *Esmond* v. *Chew*, 15 Cal. 137.

Cope, J. delivered the opinion of the Court—Field, C. J. concurring.

The plaintiffs are the owners of mining claims located in the bed of a creek, and the defendants own claims situated on a hill in the vicinity. The refuse matter washed from the claims of the defendants is deposited upon the claims of the plaintiffs to such an extent as to render the working of them impracticable. The claims of the plaintiffs were first located, and the action is for damages, and for a perpetual injunction.

The case was tried by a jury, and the errors assigned relate to the action of the Court in giving and refusing instructions. The Court proceeded in conformity with the maxim *qui prior est in tempore potior est in jure*, and there is no doubt that the case is a proper one for the application of this principle. The claims of the plaintiffs are valuable only for the gold which they contain, and the enjoyment of them lies in the use necessary to obtain possession of this gold. To interrupt the use of them for that purpose is to take away the opportunity to enjoy, and to defeat the object for which they were located and taken possession of. That this cannot legally be done is indisputable, and it is to us a matter of surprise that a contrary view should have been made the basis of an appeal

to this Court.   If the rule *qui prior est in tempore* were not applicable in such cases, persons engaged in mining operations would hold their rights simply at the pleasure of others, and the idea of legal protection would be absurd.   The defendants contend that so long as the use made of their claims is not in itself unlawful, its effect upon the plaintiffs cannot be regarded as a cause of complaint. But this position is in conflict with the maxim *sic utere tuo alienum non ladas,* and we are not aware of any principle upon which it can be maintained.   The defendants are entitled to use their claims in a lawful manner, but no use can be considered lawful which precludes the plaintiffs from the enjoyment of their rights.   This being the effect of the operations of the defendants, it is clear that their acts cannot be defended on legal grounds.   There is nothing in *Esmond* v. *Chew* (15 Cal. 137) militating against these views.

Judgment affirmed.