[No. 6,634.—Department Two.]

# L. L. ROBINSON *v.* BLACK DIAMOND COAL COMPANY.

DEBRIS—WATER COURSE—MINING—TRESPASS—DAMAGES.—The defendant, in working a coal mine, caused the deposit of coal dust, ashes, sand, and other *debris* in a natural stream of water. The *debris* was carried down by the water, and deposited upon the plaintiff's land. *Held,* that the defendant was liable for the damage thus caused; and this, although the stream in its natural course inundated the plaintiff's land.

APPEAL from a judgment for the plaintiff, and an order denying a new trial, in the Fifteenth District Court, County of Contra Costa.  DWINELLE, J.

*W. H. L. Barnes,* for Appellant.

The acts of the defendant did not constitute a trespass. (*Gibson* v. *Puchta,* 33 Cal. 310; *Jacobs* v. *Allard,* 42 Vt. 303; *Baird* v. *Williamson,* 15 Com. B. N. S. 388; *Nicols* v. *Marsland,* L. R. Ex. D. vol. 2, p. 1; *Wilson* v. *Waddell,* L. R. App. C. vol. 2, p. 95.)

*Mills & Jones,* for Respondent.

The injury which we complain of is the result, not of natural causes, but of the wrongful act of the defendant: wrongful, solely because of the injury which it inflicts upon us. (*Rylands* v. *Fletcher,* 3 L. R. Eng. & Irish App. 337; Domat, vol. 1, art. 1583.)

SHARPSTEIN, J.:

It appears, by the evidence introduced on the trial of this case, that the plaintiff was, at the time of the commencement of this action, and for a long time before had been, the owner of a tract of land on the margin of the San Joaquin River, and that the defendant had been for several years prior to the commencement of this action mining for coal about three miles distant from, and at an elevation of 700 or 800 feet above, the plaintiff's land. That Quercus Creek runs from the mine in a deep gulch or ravine until it reaches the low land; and that the water of said creek, during rainy seasons, is discharged upon and spreads over a considerable area of the plaintiff's land.

The evidence introduced by the plaintiff tended to prove that the defendant deposited in said creek, at or near its mine, coal screenings, ashes, and other substances, which, during the rainy seasons, were carried and distributed by the water in said creek upon the land of the plaintiff, and that the value of said land was thereby greatly depreciated.

If the plaintiff was entitled to recover upon this evidence, the judgment of the Court below cannot be reversed on the ground of insufficiency of the evidence to justify it, although the defendant introduced contradictory evidence. It is, however, claimed on behalf of the appellant, that the plaintiff was not entitled to recover upon that evidence, which, it is said, only shows that the water charged with refuse matter descended upon the plaintiff's land in its natural course, and in obedience to the law of gravitation. If the evidence introduced by the plaintiff did not tend to prove anything beyond that, it failed to establish the defendant's liability for any damage which the plaintiff may have sustained by reason of the overflow of his land. But the plaintiff's evidence, as we view it, tends to prove another and very material fact; viz., that said refuse matter was the product of the defendant's mining operations, and was deposited in said creek through agencies controlled by the defendant. And that, although it was not responsible for the inundation of the plaintiff's land by the water of said creek, it was responsible for the deposit of the deleterious substances with which said water was charged through its agency upon

said land.   This does not in any manner involve the question of the defendant's right to mine, or prosecute any other legitimate business upon its premises.   It would not be claimed that the defendant could convey and deposit refuse matter from its mine upon the plaintiff's land by means of carts or cars without incurring liability for any damages which the plaintiff might suffer by reason thereof.   And we know of no principle upon which it could be held that a person 'may escape liability by doing that indirectly which would render him liable if done directly.

Upon the question of damages the evidence was conflicting; and as the estimate of the Court did not exceed that of some of the witnesses, the finding upon that point cannot be disturbed by this Court.

There were some exceptions taken during the trial to the rulings of the Court which are not discussed in appellant's brief.

We are unable to discover any error in the rulings excepted to, and think that the judgment and order appealed from should be affirmed.

Judgment and order affirmed.

MORRISON, C. J., MYRICK, J., and THORNTON, J., concurred.