| 66  | 161 |
|143  | 334 |

[No. 9,060. In Bank.—November 26, 1884.]

## DIGORY HOBBS, APPELLANT, v. AMADOR AND SACRAMENTO CANAL COMPANY, RESPONDENT.

INJUNCTION—CORPORATION—GENERAL AND ORDINARY BUSINESS.—The commission of an unlawful act by a corporation is not a part of its general and ordinary business, within the meaning of section 531 of the Code of Civil Procedure, and a temporary injunction may issue to restrain such acts, when they are injurious to another, without notice to the corporation.

ID.—MINING DEBRIS.—It is an unlawful act for the owner of a mining claim to work and use it so as, either directly or indirectly, to cover the land of his neighbor with mining debris, sand and gravel, and such acts will be restrained by injunction.

ID.—MODIFICATION.—A court that grants a preliminary injunction may, in the exercise of its judicial discretion, modify the injunction at any time before final judgment.

In this case there are two appeals—one by the defendant from an order of the Superior Court of the county of Sacramento, refusing to dissolve an injunction, and one by the plaintiff from a portion of the same order modifying the injunction.

By a stipulation of parties, both appeals were heard together, and upon the same record.

The defendant was a mining corporation, owning and working mines in the county of Sacramento by the hydraulic process. The plaintiff owned a tract of land in the county of Sacramento. The suit was for an injunction to restrain the defendant from discharging or dumping tailings or debris into the streams and gulches above plaintiff's land.   A temporary injunction was granted.   The court refused a motion of the defendant to dissolve the injunction, but modified it so as to permit the defendant to work its mine, and use its supply of water to preserve its

dams and other mining structures, so long as it should impound and restrain the coarse debris. Each party appealed from the order. The other facts appear in the opinion of the court.

*George Cadwalader, S. C. Denson, Robert T. Devlin, I. S. Belcher,* and *A. L. Rhodes,* for Plaintiff.

*Freeman & Bates,* for Defendant.

McKEE, J.—In this case there are two appeals: one from an order denying a motion to dissolve a temporary injunction, and another from an order modifying the injunction.

Upon affidavits tending to show that the injunction had been issued without notice to the defendant, and that it was an injunction which suspended the general and ordinary business of the defendant, as a corporation, the court denied the motion to dissolve, and that ruling is assigned as error.

The injunction was issued to restrain the defendant from continuing to dump its mining debris, tailings, and other refuse matter from its mines, into certain water-courses, which washed the debris and material down upon and spread them over the plaintiff's land, rendering it valueless for agricultural or other purposes.

1. It is no part of the general and ordinary business of a corporation to do unlawful acts. Acts which are of a continuous nature, and threaten to destroy and irreparably injure the property of another, are unlawful, and enjoinable, at the suit of the person injured; not upon the ground of interfering with a lawful business, but upon the ground that every person is entitled to the protection of the law in the use and enjoyment of his property. But it is claimed that the doing of the acts restrained by the injunction are necessary to the successful carrying on of the business in which the defendant is engaged; and that, if the defendant be enjoined from carrying on its business in that way, hydraulic mining cannot be carried on at all. Yet the acts restrained are none the less unlawful, if they are injurious to the private rights of others; and the defendant is bound by law to so conduct its business as that it shall not be derogatory to the private rights of other property-owners.

In mining pursuits, as was said in *Logan v. Driscoll,* 19 Cal.

623, " defendant is entitled to use his mining claim in a lawful manner ; but no manner can be considered lawful which precludes the plaintiff from the enjoyment of his rights." No person, natural or artificial, has a right, directly or indirectly, to cover his neighbor's land with mining debris, sand, and gravel, or other material, so as to render it valueless. (*Robinson* v. *Black Diamond Coal Mining Company*, 57 Cal. 412 ; *Potter* v. *Fremont*, 47 Cal. 465 ; *Richardson* v. *Kier*, 34 Cal. 63 ; *Courtright* v. *Bear River Ditch Company*, 30 Cal. 57.)

2. The law does not require notice of an application for a temporary injunction to restrain a corporation from committing unlawful acts injurious to the applicant. Section 531, C. C. P., has reference only to lawful acts performed in the course of its general and ordinary business. A preliminary injunction granted against a corporation to restrain it from conducting its business in an unlawful manner, is, therefore, not void, though granted without notice. (*Golden Gate Con. M. Co.* v. *Superior Court*, 65 Cal. 187.)

3. The court that grants a preliminary injunction may, in the exercise of its judicial discretion, modify the same at any time before the case terminates in a final judgment ; and the order of modification will not be disturbed, unless there has been an abuse of discretion. Nothing of the character appears in the record before us.

The orders appealed from are affirmed.

ROSS, J., McKINSTRY, J., SHARPSTEIN, J., MYRICK, J., and MORRISON, C. J., concurred.