CHESSMAN, APPELLANT, v. HALE, RESPONDENT.

(No. 1,968.)

(Submitted October 20, 1904. Decided January 21, 1905.)

*Water Rights—Nuisances—Fouling of Streams—User—Right of Trial by Jury—Waiver—Mode — Instructions—Exceptions.*

Water Rights—Placer Mining—Pollution of Stream—Injury to Land.

　　1.　Under Civil Code, Sections 1880 and 4605, an appropriator of an upper water right who, in a contract to deliver it to a lower owner of land at a certain place, has reserved to himself the right to use the water for placer mining purposes, acquires no title to the water itself, or any right to pollute the water to any greater extent than is permitted by law; and, while he has a right to a reasonable use of the water for the purposes specified, although such use does result in fouling it to some extent, yet he cannot cover the lower proprietor's land with mining debris, so as to render it valueless.

Water Rights—Prescription—Requisites.

　　2.　In order to obtain a right by prescription, it is necessary that during the prescriptive period an action could have been maintained by the party against whom the claim is made.

Water Rights—Prescription—Limitations.

　　3.　A right by prescription is limited by the character and extent of the user during the period requisite to acquire the right.

Water Rights—Use—Placer Mining—Nuisances.

　　4.　The use of water by an upper appropriator in such a way as to carry sand, gravel and mining debris over the land of a lower proprietor, so as to render it valueless, constitutes a nuisance, both at common law, and under Civil Code, Section 4550, and Code of Civil Procedure, Section 1300.

Nuisances—Action for Damages—Right of Jury Trial.

　　5.　Under the Constitution of the United States, Seventh Amendment, in force at the time of the adoption of the Constitution of Montana, and under Article III, Section 23, of the Constitution of Montana, and Code of Civil Procedure, Section 1300, and Civil Code, Sections 4550, 4555 and 4590, plaintiff in an action for damages for the maintenance of a nuisance is entitled to a trial by jury of his right to damages, although he also asks for the equitable relief of injunction to restrain the continuance of the acts complained of.

Nuisances—Action for Damages—Jury Trial—How Waived.

　　6.　Under Constitution, Article III, Sections 23 and 29, and Code of Civil Procedure, Section 1110, prescribing the manner in which a jury in a civil case may be waived, plaintiff's right to a jury trial in an action for damages for a nuisance could only be waived in one of the modes specified, and was not waived by his failure to demand a trial by jury, or to submit to the court the question as to whether he had a right to a jury trial, or by endeavoring to maintain his claim under the theory of the case which the court, by its ruling that it was an action in equity, compelled him to adopt.

Refusal of Instruction—Reason Given by Court—Exceptions—Waiver.

　　7.　It is not necessary to take an exception to the reason given by the trial

court for refusing an instruction, and by proceeding with the trial after such refusal a party does not waive his exception, but the action of the court is deemed excepted to under Code of Civil Procedure, Section 1080, as amended by Session Laws of 1901, page 160.

*Appeal from District Court, Lewis and Clarke County; Henry C. Smith, Judge.*

ACTION by William A. Chessman against Robert S. Hale for damages to plaintiff's land caused by defendant discharging mining tailings and debris upon said land, and for an injunction. From a judgment for defendant, and from an order denying a new trial, plaintiff appeals. Reversed.

*Mr. William Wallace, Jr.,* for Respondent.

Any right or privilege conferred by statute or even by Constitution may be waived, save in matters involving the public interest. (28 Ency. Law, 1st Ed., 535; *Mehlin* v. *Ice,* 56 Fed. 12-20; *Beecher* v. *Marq. R. M. Co.,* 45 Mich. 108; *Shutte* v. *Thompson,* 15 Wall. 159; *Ferguson* v. *Landram,* 5 Bush. 230, 96 Am. Dec. 350; Sec. 4604, Civil Code.) Right of trial by jury may be waived in all cases, save those punishable capitally. (*Basey* v. *Gallagher,* 20 Wall. 670.) The court submitted only special issues to the jury, and, on the theory on which this case was tried by all the parties, only special issues could have been submitted to the jury and a general verdict would have been improper. (*Duff* v. *Moran,* 12 Nev. 94; *Wingate* v. *Ferris,* 50 Cal. 105; *Brandt* v. *Wheaton,* 52 Cal. 434; *Warring* v. *Frear,* 64 Cal. 54, 28 Pac. 115; Hayne on New Trials and Appeal, Sec. 234.)

Plaintiff having moved the court to reject certain of the jury's findings and make additional findings of its own, a conclusive presumption is created that plaintiff sought such action. (2 Ency. Pl. and Pr. 436; Hayne on New Trials, Sec. 285, pp. 844-5-6; *Livermore* v. *Webb,* 56 Cal. 592; *Lyons* v. *Roach,* 84 Cal. 27, 23 Pac. 1026; *Sichler* v. *Look,* 93 Cal. 606, 29 Pac. 221; *Hahn* v. *Matthai,* 115 Cal. 692, 47 Pac. 699.)

Having urged the court below to treat the findings of the jury as advisory merely, plaintiff cannot now, because dissatisfied with the result, reverse his position in this court. (*Harris v. Lloyd*, 11 Mont. 390, 28 Pac. 737, 738; *Newell v. Meyendorf*, 9 Mont. 254, 23 Pac. 333; *Forrester v. B. & M. Co.*, (Mont.) 74 Pac. 1089; *Davis v. Wakely*, 156 U. S. 680; *Michels v. Olmstead*, 157 U. S. 198; *Lewis v. Wilson*, 151 U. S. 551; *McConihay v. Wright*, 121 U. S. 201; *Reynolds v. Fitzpatrick*, 28 Mont. 175-7; Secs. 4603, 4604, 4607, Civil Code; *Sichler v. Look*, 93 Cal. 606, *supra; People v. Mellon*, 40 Cal. 648-655; *Dahler v. Steele*, 1 Mont. 208; *Stafford v. Hornbuckle*, 3 Mont. 489; *Rooney v. Tong*, 4 Mont. 600, 2 Pac. 312; *Martin v. Maxey*, 14 Mont. 86, 35 Pac. 667; *Ogburn v. Connor*, 46 Cal. 353; Hayne on New Trial, Sec. 285, p. 846.) Had plaintiff desired a general verdict, he should have demanded it, and excepted if it were not submitted. (*Harris v. Lloyd*, 11 Mont. 399, 28 Pac. 736; *Evans v. Ross*, 8 Pac. 88-9; Elliott's Gen. Pr. Sec. 919; *Woolman v. Garringer*, 2 Mont. 407.)

It was unnecessary as to nuisance or trespass to first establish them at law. (*M. O. P. Co. v. B. & M. Co.*, (Mont.) 70 Pac. 1121; 1 Ency. Law, 2d Ed., p. 66, note 2and many cases.)

Where legal and equitable issues are united and a demand is made for a jury trial of the issues without specifying any particular issue, a jury is properly refused. (6 Am. and Eng. Ency. Law, 2d Ed., 975, note, citing *Greenleaf v. Agen*, 30 Minn. 316; *Lindley v. Sullivan*, 133 Ind. 588; *Pedens v. Cabins*, 134 Ind. 194; *Lace v. Fixon*, 39 Minn. 46.) Had there been no prayer for damages and the action been for an injunction only, the court might have tried it itself, or, calling a jury, treated its verdict as advisory. (*Basey v. Gallagher*, 1 Mont. 456; 20 Wallace, 515; *Fabian v. Collins*, 3 Mont. 226; *Mantle v. Noyes*, 5 Mont. 277, 5 Pac. 860; *Clark v. Baker*, 6 Mont. 158, 9 Pac. 911; *Beck v. Beck*, 6 Mont. 318, 12 Pac. 694; *Kleinschmidt v. Greiser*, 14 Mont. 494, 37 Pac. 3; *Zickler v. Deegan*, 16 Mont. 494, 40 Pac. 412; *Sanford v.*

*Gates,* 21 Mont. 286, 53 Pac. 752; *M. O. P. Co.* v. *B. & M. Co.,* 70 Pac. 1121.)

Where legal and equitable issues are involved they must be separately tried, and the equitable issues should always be tried first, for the reason that the determination of the equitable issues may make it entirely unnecessary to try the whole issue. (*Lestrade* v. *Brath,* 10 Cal. 671; *Hauser* v. *Austin,* 10 Pac. 40, and cases cited; *Duff* v. *Fisher,* 15 Cal. 379, cited in note to Sec. 1034, Code of Civil Procedure of Montana.) The contract was an equitable defense even to the damage feature of the action. (*Coffman* v. *Robbins,* 8 Ore. 284; *Wright* v. *Schindler,* 21 Pac. 196; *Reece* v. *Rousch,* 2 Mont. 590; 7 Ency. Pl. and Pr. 807-808; *Lacey* v. *Johnson,* 17 N. W. 249; *Alexander* v. *Winters,* 49 Pac. 115; *Fabian* v. *Collins,* 3 Mont. 230.) If plaintiff, without right of appropriation in clear waters in the gulch, simply turned the water charged with tailings from the natural channel on his own land, he cannot recover, for there is no injury done any right of his. (*Platte V. I. Co.* v. *Buckers I. Co.,* 53 Pac. 335; *Crowder* v. *McDonald,* 54 Pac. 45; *Baxter* v. *Gilbert,* 125 Cal. 580; *Ball* v. *Kaehl,* 95 Cal. 613; *Stone* v. *Bumpus,* 40 Cal. 428-432.)

There is no attempt in this contract or deed to limit the volume of tailings to be borne in the water. Such contracts have always been upheld and would control the rights of plaintiff, even had he been a prior appropriator of natural waters of the gulch before the contract was made. (*Fabian* v. *Collins,* 3 Mont. 215; *Smith* v. *Hope Mining Co.,* 18 Mont. 432; *Coffman* v. *Robbins,* 8 Ore. 278-284; *Baldock* v. *Atwood,* 21 Ore. 73, 26 Pac. 1058; *Wright* v. *Schindler,* 21 Pac. 195; *Chicosa Irr. Co.* v. *El Moro Co.,* 50 Pac. 731; *Alexander* v. *Winters,* 49 Pac. 116.)

*Mr. M. S. Gunn,* for Appellant.

A court of equity will not ordinarily grant relief against a nuisance until the fact of the nuisance has been established by

a trial by jury in a court of law. (*Carlisle* v. *Cooper,* 21 N. J. Eq. 576; *Oswald* v. *Wolf,* 21 N. E. 839; 2 Story's Eq. Jur. Secs. 925, 925b; 1 Spelling on Injunctions, 2d Ed., Sec. 377; 3 Pomeroy's Eq. Jur. Sec. 1350; *Stadler* v. *Grieben,* 61 Wis. 500, 504; *Bemis* v. *Clark,* 11 Pick. 454; Wood on Nuisances, Sec. 843; *Kotenberthal* v. *City of Salem,* 11 Pac. 287; *Colstrum* v. *Ry. Co.,* 24 N. W. 255; *Codman* v. *Evans,* 7 Allen, 431.)

Even though Sec. 1300 of the Code of Civil Procedure is regarded as providing for both equitable and legal relief in the same action, the question of the existence of the nuisance and the amount of damages must be determined by a jury. (*Basey* v. *Gallagher,* 20 Wall. 670; *Walker* v. *Railway Co.,* 165 U. S. 592; *Clark* v. *Baker,* 6 Mont. 153.) A right of prescription is limited by the character and extent of the user during the period requisite to acquire the right. (*Mississippi Mills Co.* v. *Smith,* 30 Am. St. Rep. 546; Wood on Limitations, 3d Ed., Sec. 182.)

The question of whether or not the court will grant an injunction in an action to recover damages for a nuisance, where the granting of such injunction is authorized by statute, must be determined by a consideration of the verdict of the jury, and the court cannot make findings of fact in conflict with the verdict of the jury. (Gould on Waters, Sec. 519; *McCloskey* v. *Doherty,* 30 S. W. 649; *Gould* v. *Eaton,* 117 Cal. 539; *Moore* v. *Clear Lake Water Works,* 68 Cal. 146; *Marks* v. *Weinstock, Lubin & Co.,* 121 Cal. 53; *Barnes* v. *Sabron,* 10 Nev. 247; High on Inj. Sec. 873; *Webb* v. *Portland Mfg. Co.,* 3 Sumner, 189; *Peterson* v. *City of Santa Rosa,* 119 Cal. 387; *Walker* v. *Emerson,* 89 Cal. 456.)

MR. COMMISSIONER POORMAN prepared the opinion for the court.

This is an appeal from a judgment, and from an order overruling plaintiff's motion for a new trial. The complaint al-

leges that plaintiff is the owner, in possession of, and using certain lands, water ditches and flumes, and that he has a right to the use of certain waters conducted to his land through said ditches and flumes; that defendant, for several months prior to the commencement of the action, in conducting placer mining operations, and in making excavations above the head of plaintiff's ditch, willfully, wrongfully and negligently polluted and fouled the said waters by depositing therein large quantities of debris, sand, gravel and tailings, which were carried and deposited by the waters in plaintiff's ditches and flumes and on plaintiff's land; that defendant threatened to continue these wrongful acts. Plaintiff asked for damages in the sum of $1,000, and an injunction restraining the continuance of the acts complained of. The defendant controverted the allegations of the complaint that defendant had invaded the rights of plaintiff, and further claimed that by twenty-three years' user he had acquired by prescription, as against plaintiff, the easement and right of flowage of the said waters charged with said tailings, in addition to the right acquired by contract.

It appears that in 1873 defendant's predecessors in interest were conducting placer mining operations in Grizzly gulch, and using the waters thereof for that purpose; that they had also, by means of an artificial ditch known as the "Park Ditch," conducted the waters from another gulch into Grizzly gulch; that these waters so conducted would not naturally flow into Grizzly gulch; that in that year a contract was entered into between the plaintiff and the predecessors of the defendant, by the terms of which, for a valuable consideration, the waters, both of Grizzly gulch and those conducted through this Park ditch, were to be delivered to the plaintiff at the junction of Grizzly gulch and Ore Fino gulch; that the grantors reserved the right to the use of these waters for placer mining purposes, and to sell them to other parties for such use, but were not in any event to use or permit the waters to be used in such manner as to prevent their delivery to plaintiff at the junction of the two gulches;

that deeds were afterwards executed, conveying the right to the use of these waters to this plaintiff; that the waters had been used by the plaintiff since that period after being used for mining purposes by the defendant above this junction; that the waters were permitted to flow down Last Chance gulch, which is formed by the junction of the two gulches above named, for some distance, and thence through plaintiff's ditch to the land in question; that the plaintiff also used certain waste waters flowing through a ditch known as the "Yaw Yaw Ditch," owned by other parties, conducting a part of the waters of Ten Mile creek into Grizzly gulch above the head of plaintiff's ditch. Plaintiff had for a great many years also used these waters for placer mining purposes.

1. If the defendant, under this contract, has the right to deposit tailings and debris in this water to any extent he may choose, it is within his power to make the plaintiff's purchase of the right to the use of the water a burden, rather than a benefit, but the terms of the contract do not confer upon the defendant any right to pollute these waters to any greater extent than that permitted by law. A proprietor acquires no title to the water, but only the right to use the same. (Section 1880, Civil Code.) "No person, natural or artificial, has a right, directly or indirectly, to cover his neighbor's land with mining debris, sand and gravel, or other material, so as to render it valueless." (*Hobbs* v. *Canal Co.,* 66 Cal. 161, 4 Pac. 1147.) To the same effect are the decisions in *Lincoln* v. *Rodgers,* 1 Mont. 217, and *Nelson* v. *O'Neal,* 1 Mont. 284. This was the settled law at the time this contract was entered into. It has ever since remained the law, and is now the law. (*Fitzpatrick* v. *Montgomery,* 20 Mont. 181, 50 Pac. 416, 63 Am. St. Rep. 622.) But as was said in the last case cited: "We think, however, as is held by the authorities, that each case of this character should be determined by its own facts and circumstances. Persons appropriating water cannot avoid fouling and obstructing, and, to some extent, diminishing, the quantity of water in a stream. These things are unavoidable,

and are permitted to a reasonable extent in the right use of the water." "One must so use his own rights as not to infringe upon the rights of another." (Section 4605, Civil Code.) That which is reasonable, as shown by the facts of each case, applied under the settled rules of law, must be the guide.

The prescriptive right as claimed by respondent, if maintainable under the authorities, is based upon a state of facts to be proven at the trial. It does not appear on the face of the pleadings. The complaint lays the inception of the injury complained of a few months anterior to the commencement of the action. In order to obtain a right by prescription, it is necessary that during the prescriptive period an action could have been maintained by the party against whom the claim is made. A right of prescription is limited by the character and extent of the user during a period requisite to acquire the right. (*Carson v. Hayes,* 39 Ore. 97, 65 Pac. 814; Wood on Limitation, 3d Ed., Sec. 182; *Mississippi Mills Co.* v. *Smith,* 69 Miss. 299, 11 South. 26, 30 Am. St. Rep. 546. It is conceded that this record does not contain all the evidence, and we cannot, therefore, go further in interpreting this contract, or in passing upon the prescriptive right claimed by respondent.

2. Plaintiff claims that he was, as of right, entitled to have the questions as to the existence of the nuisance and as to the damages determined by a jury. This the court denied, but held the action to be in equity, and that the verdict of the jury was merely advisory. That the facts stated in the complaint, if true, constitute a nuisance, both at common law and under the statute, is beyond question. (Section 4550, Civil Code; Section 1300, Code of Civil Procedure; 3 Blackstone, Comm. 217 *et seq.*) . The seventh amendment to the Constitution of the United States provides, in substance, that the right of trial by jury shall be preserved in all suits at common law where the amount in controversy exceeds twenty dollars. This provision of the Constitution was in full force in Montana at the time of its admission as a state. (*Kennon* v. *Gilmer,* 131 U. S. 22, 9 Sup. Ct. 696, 33 L. Ed. 110.) Section 23, Article III, of

the Constitution of Montana, provides, in part, "The right of trial by jury shall be secured to all and remain inviolate."

With reference to the constitutional guaranty of the right of trial by jury secured by this seventh amendment, the Supreme Court of Montana in *Mont. Ore Pur. Co. v. Boston & Montana Con. C. & S. M. Co.,* 27 Mont. 536, 71 Pac. 1005, said: "It must not be overlooked that the right of trial by jury guarantied thereby is the right as it existed at the common law; that is, in that class of cases in which there was no impediment in the way of complete and adequate redress by proceeding according to the court of the common law. The right of trial by jury under territorial government was exactly the same as that guarantied by this amendment—no greater, no less."

If the right of trial by jury existed at the time of the adoption of the Constitution of the state, or of the seventh amendment to the United States Constitution, it still exists, and cannot be taken away by legislative enactment. It cannot become obsolete, for it is perpetuated by the state Constitution, and it continues so long as the constitutional provision continues.

It is beyond question that at common law an action for damages caused by the maintenance of a nuisance was triable by a jury. (Blackstone, Comm., above, and the cases cited below.) In *Basey v. Gallagher,* 20 Wall. 670, 22 L. Ed. 452, the court said: "Sometimes in the same action both legal and equitable relief may be sought, as, for example, where damages are claimed for a past diversion of water, and an injunction prayed against its diversion in the future. Upon the question of damages a jury would be required; but upon the propriety of an injunction, the action of the court alone could be invoked. The formal distinctions in the pleadings and modes of procedure are abolished; but the essential distinction between law and equity is not changed. The relief which the law affords must still be administered through the intervention of a jury, unless a jury be waived; the relief which equity affords must still be

applied by the court itself, and all information presented to guide its action, whether obtained through masters' reports or findings of a jury, is merely advisory."

*Walker* v. *Railroad Co.,* 165 U. S. 593, 17 Sup. Ct. 421, 41 L. Ed. 837, was an action to recover damages from an overflow of lands, alleged to be caused by a wrongful obstruction of a natural water course. The court, in considering the question as to the right of trial by jury, said: "The Seventh Amendment, indeed, does not attempt to regulate matters of pleading or practice, or to determine in what way issues shall be framed by which questions of fact are to be submitted to a jury. Its aim is not to preserve mere matters of form and procedure, but substance of right. This requires that questions of fact in common-law actions shall be settled by a jury, and that the court shall not assume directly or indirectly to take from the jury or to itself such prerogative."

In *State ex rel. Blanpied* v. *Currier,* 66 N. H. 622, 19 Atl. 1000, it is said: "By the uniform practice in equity, the maintenance of a private nuisance is not perpetually enjoined unless its existence, if not admitted, is established in a trial at law by the verdict of a jury, if the defendant demands such a trial."

*Hughes* v. *Dunlap,* 91 Cal. 385, 27 Pac. 642, was an action at law for damages for trespass, joined with a petition for ancillary relief to the equity side of the court. A jury trial was had, and special findings made. The court afterwards refused to adopt the findings of the jury, and made findings of its own upon all the issues, contrary to the findings made by the jury. The court, in passing upon the question, said: "The first point made by appellant is, that the court erred in disregarding the verdict of the jury, and setting it aside without the proceeding of a motion for a new trial. This point is certainly well taken so far, at least, as the issue of damages is concerned. It has long since been held that under our system a legal and equitable remedy may be sought in the same action; but each

remedy must be governed by the same law that would apply to it if the other remedy had not also been asked for. An action to recover damages for past trespasses is as clearly a legal remedy as any that could be named; and it is an action in which a party cannot be deprived of a jury trial. For this reason, therefore, the judgment and order must be reversed."

If in the case at bar no injunction had been asked for, but only damages been demanded, there could then be no question as to the right of trial by jury. Section 1300, Code of Civil Procedure, after defining a nuisance, and specifying who may bring the action, provides, "And by the judgment the nuisance may be enjoined or abated, as well as damages. recovered." At common law an action for the recovery of damages occasioned by a nuisance was always triable by a jury, and this whether the action was "on the case" or by "assize of nuisance." In an action on the case only a judgment for damages could be recovered—no abatement could be had. In the latter action (assize of nuisance). a dual judgment could be entered, to-wit, (1) to have the nuisance abated; and (2) to recover damages. But trial by jury was preserved. (3 Blackstone, Comm. 220; *Hudson* v. *Caryl*, 44 N. Y. 553.)

Under the statute, "the abatement of a nuisance does not prejudice the right of any person to recover damages for its past existence" (Section 4555, Civil Code), and "the remedies against a private nuisance are: (1) A civil action; or (2) abatement." (Section 4590, Civil Code.) Or the aggrieved party may, under Section 1300, Code of Civil Procedure, bring one action for the double purpose of abating the nuisance and the recovery of damages. .This is a privilege which the law gives, and in its exercise the party is not required, as a condition for resorting thereto, to waive his right to trial by jury; nor can he, by voluntarily asking equitable relief in addition to legal relief, deprive the defendant of this right; nor can the defendant, by pleading an equitable defense, make the action solely one in equity, though the court may, in passing upon the equitable side of the case, determine that no legal cause of

action exists. The damage feature of an action such as is now under consideration relates only to the past; the injunction relates only to the future; differing in this respect from an action to quiet title. The questions as to the existence of the nuisance and as to the damage feature are for the jury. That relating to the injunction is addressed to the equity side of the court.

*Hudson* v. *Caryl*, 44 N. Y. 553, was an action for damages occasioned by raising the waters of a certain creek by a mill-dam so as to overflow the lands of plaintiff, and to compel the removal of such dam. The defendant, relying upon a provision of the Constitution that the trial by jury should remain inviolate, claimed such right, which was denied. The appellate court held that the refusal of a jury trial was error, and said, in part: "Article I, Section 2, Const. 1846, demanded that the issues be tried by a jury, and his demand was overruled. In this the court erred. The rule stated in *Davis* v. *Morris* (36 N. Y. 569, 572-3) is that when the facts stated, arising (as in this case) out of the same transaction, entitle a party to both kinds of relief, the right founded upon the common-law must be tried by jury. * * * The judge must determine whether any of the grounds, upon which the recovery is sought, were such as, at the adoption of the Constitution, were redressed solely by action at law, and, if so, direct that the cause be tried by jury." Later on in the same opinion the court says: "Thus it will be seen that, in this single action, brought for the double purpose of abating a nuisance and the recovery of damages occasioned by it, by whatever name the remedy may have been styled, a case is presented in which a trial by jury has been heretofore used; and hence, that an error was committed in refusing the defendant's demand and proceeding to judgment against him."

It is apparent from these considerations that the facts of the existence of the nuisance and the amount of damages were triable by a jury before the adoption of the Constitution, and that they are still triable by a jury, and that the plaintiff in

this action had the right to have this case presented to and determined by a jury. (*Parker* v. *Winnipiscogee L. C. & W. Co.,* 2 Black, (U. S.) 545, 17 L. Ed. 333; *Irwin* v. *Dixon,* 9 How. 10, 13 L. Ed. 25; *Parsons* v. *Bedford,* 3 Pet. 433, 7 L. Ed. 732.)

3.    The respondent contends that the appellant has waived his right to object to the action of the court in regarding this case as one in equity, and treating the findings of the jury as advisory.    It appears from the record that at the beginning of the trial a jury was regularly impaneled, and the trial proceeded until the evidence was concluded as though it was a jury trial.    The plaintiff then asked the court to give the jury certain instructions, which were submitted, and some of which, at least, were proper to be given on the law phase of the case. The court seems to have regarded this action on the part of plaintiff as raising the question as to whether the action was one at law, or solely in equity, and announced that it would treat the action as one in equity, and regard the verdict of the jury merely as advisory, and refused to give the instructions, but did submit to the jury a large number of questions to be answered by them.    The appellant took no exception to this ruling of the court, other than the exception given him by law on the refusal of the court to give proper instructions tendered.    The cause was then argued and submitted to the jury, and the jury afterwards returned into court and announced their special findings, which were received and filed, and the jury discharged.    The record then contains this statement: "That thereafter defendant   *   *   *   moved the court to reject certain of such special findings of the jury, and to make other and additional findings;   *   *   *   that thereafter   * *   *   plaintiff made like motion respecting certain of such special findings of the jury in said cause,   *   *   *   and said motions were duly heard by the court."    It also appears that the court denied the motion of appellant (plaintiff) with reference to the special findings, and sustained the motion of respondent (defendant) with respect thereto.

Section 23, Article III, Constitution, provides: "The right of trial by jury shall be secured to all, and remain inviolate, but in all civil cases * * * upon default of appearance or by consent of the parties expressed in such manner as the law may prescribe, a trial by jury may be waived." This provision of the Constitution that a jury may be waived in the manner prescribed by the law—that is, by written law—is mandatory and prohibitory. (Section 29, Article III.) It is the duty of the court to grant to litigants the rights given them by this constitutional provision. The Constitution, in effect, *commands* that a jury trial, if waived, shall be waived in a certain manner, and *prohibits* its being waived in any other manner. The only manner *prescribed* by law for waiving a jury to a civil action is found in Section 1110, Code of Civil Procedure, which reads as follows: "Trial by the jury may be waived by the several parties to an issue of fact in actions arising on contract, or for the recovery of specific real or personal property, with or without damages, and with the assent of the court in other actions, in manner following: (1) By failing to appear at the trial; (2) by written consent, in person or by attorney, filed with the clerk; (3) by oral consent, in open court, entered in the minutes."

The action at bar does not arise on a contract, nor is it for the recovery of specific real or personal property, but is, so far as the law part of the action is concerned, an action for damages occasioned by the maintenance of a nuisance. It follows, therefore, that no waiver of the jury could be had at all without the consent of the court, and there is no pretense that the plaintiff waived his right to a jury trial by any of the methods which the "law may prescribe," or that the assent of the court was ever given to any waiver at all, except the assent implied from the court's action in holding the case to be wholly in equity.

This action asked for both legal and equitable relief; that is, to have the existence of a nuisance declared, and for damages, which should be determined by the jury, and an injunction,

which should be determined by the court. The special inter-
rogatories submitted to the jury related to both the legal and
equitable sides of the action. It appears by the record that the
plaintiff did ask the court to set aside certain of these findings
of the jury, but there is no intimation in the record as to which
or what findings this request was directed. The findings relat-
ing to the equitable side of the controversy were not, in any
event, binding upon the court, and the parties had the right to
ask that they be set aside, or that other findings be made.
Which of these classes of findings the plaintiff asked to have
set aside, does not appear. So far as the record discloses, this
request may have been addressed only to the findings relating
to the right of the plaintiff to an injunction. We need not
enter the field of speculation as to which class of findings the
plaintiff referred.

The plaintiff was under no obligation to demand a trial by
jury, for that right was given him by the Constitution; nor
was he required to submit to the court the question as to
whether he had a right to a jury trial, for that right was also
granted to him by the Constitution. The law gave him an
exception to the action of the court in refusing to give proper
instructions submitted on the law feature of the case. (Section
1080, Code of Civil Procedure, as amended (Sess. Laws 1901,
p. 160).) The right of trial by jury may be waived only in
the manner provided by law. It cannot be taken away.
(*Hodges* v. *Easton,* 106 U. S. 408, 1 Sup. Ct. 307, 27 L. Ed.
169; *Meech* v. *Brown,* 4 Abb. Prac. 19.)

Any reason which the court may have stated for refusing to
give the instructions is immaterial, and no exception to this
reason stated was required. The error committed was in re-
fusing to give the instructions, not in expressing the reason
therefor, and all subsequent proceedings were under the excep-
tion given by the law. This exception is not waived by a party
proceeding with the trial after the instruction has been refused.

This particular question as to the waiver of a jury was once
before this court in *Harris* v. *Lloyd,* 11 Mont. 390, 28 Pac.

736, 28 Am. St. Rep. 475, but by reason of the action of the parties the court declined "to enter this field of research," but reversed the case for other reasons.

In *Biggs* v. *Lloyd,* 70 Cal. 447, 11 Pac. 831, the court, in considering this question under a constitution and statute similar to those of Montana, held that the right to a jury trial is a constitutional right, and that no act on the part of a litigant shall be deemed a waiver of this right, except such as are so constituted by express law. And this decision was affirmed in *Farwell et al.* v. *Murray,* 104 Cal. 464, 38 Pac. 199. The same doctrine is also announced in *Swasey* v. *Adair,* 88 Cal. 179, 25 Pac. 1119.

The plaintiff, by requesting the court to give certain instructions to the jury, emphasized his reliance upon the constitutional guaranty of his right to trial by jury. The court, by its ruling, having forced the plaintiff to treat the case as one in equity, it cannot now be claimed that the plaintiff waived his constitutional right by endeavoring to maintain his claim for damages, and to have the obstruction complained of declared a nuisance, under the theory of the case which the court had compelled him to adopt. The claim that the appellant had waived his right to object to this ruling of the court cannot be sustained.

4. Complaint is also made that certain items of cost were taxed against appellant, to-wit, for a transcript of the testimony given by plaintiff in another action, for a map introduced in evidence by the defendant, and for costs and expenses of a deposition of one of plaintiff's witnesses. These items of cost are included in the judgment, and, as the judgment must be reversed and the case remanded for a new trial, it is unnecessary to pass upon these objections, for the reason that the allowance of these items of cost must depend largely upon the facts of the case. For the guidance of the court, however, we cite the following cases wherein Section 1866 of the Code of Civil Procedure has been construed: *Mont. Ore Pur. Co.* v.

*Boston & Montana Con. C. & S. M. Co.,* 27 Mont. 288, 70 Pac. 1114; *King* v. *Allen,* 29 Mont. 5, 73 Pac. 1107.

We recommend that the judgment and order appealed from be reversed.

PER CURIAM.—The foregoing opinion was prepared and submitted for approval while Mr. CALLAWAY was a member of the Commission. For the reasons stated therein, the judgment and order are reversed, and the cause is remanded.

*Reversed and remanded.*

Mr. CHIEF JUSTICE BRANTLY: I agree with all that is said in the foregoing opinion touching the right of trial by jury in this case, as an abstract proposition. I do not think, however, that the question is presented in the record for determination. I do not think that the question of the right of trial by jury was presented or decided by a mere refusal on the part of the trial court to submit a particular instruction to the jury. Section 1151 of the Code of Civil Procedure enumerates the rulings and decisions of the trial court for which the law gives an exception, and for the preservation of which, for review in this court, no bill of exceptions is required. In order to have any ruling or decision of the court, other than one of those enumerated in Section 1151, *supra,* reviewed by this court, it is necessary for the party complaining to take his exception and preserve the ruling in a bill of exceptions. Among rulings enumerated in this section is not found a refusal on the part of the trial court to grant a trial by jury. What occurred at the time of the trial is stated in the third paragraph of the opinion, and, although it appears that the court announced that it would treat the action as one in equity, and regard the verdict of the jury as advisory only, appellant took no exception to this ruling. Nor has he presented this ruling in a bill of exceptions. Having taken no exception to the ruling, I do not think he has any standing in this court to have the ques-

tion of his right in the premises determined. I think his behavior shows clearly that it was his intention to waive, and that he did waive, the right to have the cause submitted to a jury as an action at law. I therefore do not agree with the conclusion stated in this paragraph of the opinion—that a jury trial can be waived only by observance of the formàlities provided by statute. In any event, he is estopped by his behavior to say that he was denied his constitutional right.

It has repeatedly been held by this court that, where a party adopts a particular theory of a case in the trial court, he will not be permitted in this court to change that theory for the purpose of obtaining an advantage which he would have had, had he adopted the correct theory of the case upon the trial. (*Wortman* v. *Montana Central Railway Co.,* 22 Mont. 266, 56 Pac. 316; *Finch et al.* v. *Kent and Wife,* 24 Mont. 268, 61 Pac. 653; *Durfee* v. *Harper,* 22 Mont. 354, 56 Pac. 582; *Talbott* v. *Butte City Water Co.,* 29 Mont. 17, 73 Pac. 1111; *Hendrickson* v. *Wallace,* 29 Mont. 504, 75 Pac. 355.) While only two of these cases refer to the matter of the right of trial by jury, yet the principle of the theory of the case is as applicable to cases involving the right of trial by jury as it is to other cases where the question of the right of trial by jury was not before the court. If a party himself assumes that his cause is one in equity, and not at law, and proceeds upon this theory through the trial in the district court, I do not think he should be permitted to raise the question for the first time in this court, that he has been deprived of the right of trial by jury, simply because the formalities prescribed by the statute for waiving such right have not been observed.