BUNKER HILL & SULLIVAN MINING & CONCENTRATING CO. et al. v. POLAK.*

(Circuit Court of Appeals, Ninth Circuit. August 24, 1925.)

No. 4461.

I. Waters and water courses ⊗⇒77—Complaint for pollution of stream held to show concert of action by mining companies joined as defendants.

Complaint against several mining and smelting companies for poisoning waters of a stream with mineral refuse, whereby plaintiff's land was injured, *held* to allege and show such concert of action that defendants were properly joined as tort-feasors.

2. Waters and water courses ⊗⇒67—Mining companies may not without liability poison streams.

It is not a defense, to action for injury to land from mining companies' poisoning waters of a stream with mineral refuse, that the stream forms natural drainage, and the mining is conducted in the ordinary and usual mode.

3. Waters and water courses ⊗⇒67—Preferential right of mining companies gives them no right to pollute streams.

Const. Idaho, art. 15, § 3, giving mining companies preferential right over manufacturers and agriculturists to use waters of streams, gives them no right to poison the waters of the streams with refuse, to the injury of lands of others.

4. Pleading ⊗⇒364(3)—No error in refusing to strike paragraphs, parts of which are good.

There is no error in refusing to strike paragraphs of complaint, they containing pertinent allegations to show joint action and liability, though some portions of them be redundant, and subject to motion to strike.

5. Trial ⊗⇒419—Overruling motion for nonsuit waived by subsequently adducing testimony.

Overruling of motion for nonsuit is waived by defendants thereafter adducing testimony.

6. Appeal and error ⊗⇒1046(1)—Nonprejudicial refusal to hear argument not reversible error.

It is not reversible error to refuse to hear argument, where no prejudice results therefrom.

7. Trial ⊗⇒384—On conflicting evidence, refusal to dismiss not error.

The evidence, though conflicting, being ample to support judgment for plaintiff, there was no error, on a trial to the court to refuse to dismiss on the ground of failure of proof.

In Error to the District Court of the United States for the Northern Division of the District of Idaho; Frank S. Dietrich, Judge.

Action by Jacob Polak against the Bunker Hill & Sullivan Mining & Concentrating Company and others. Judgment for plaintiff, and defendants bring error. Affirmed.

*Certiorari denied 46 S. Ct. 106, 70 L. Ed. ——.

The defendant in error brought an action against the plaintiffs in error to recover damages for injuries to the plaintiff's 320-acre farm, caused by the overflow of the waters of the Cœur d'Alene river, which waters were impregnated with poisonous mineral matter discharged into said stream and its tributaries by the defendants. The complaint set forth certain joint acts of the defendants, in that, for the purpose of impounding débris from their mining operations and preventing the escape of the same into the waters of said river, they had erected dams and had taken other steps to prevent injury to the plaintiff's land, and that by concert of action they had obtained written agreements from property owners of lands along said stream, whereby they procured the right to use the waters of said river for their mining and milling operations and to dump tailings therein. There was a written waiver of a jury trial, and the cause was tried to the court. It resulted in a general finding for the plaintiff, fixing his damages in the sum of $3,500.

C. W. Beale, of Wallace, Idaho, for plaintiffs in error.

Charles L. Heitman, of Sandpoint, Idaho, and L. H. Brown, of Spokane, Wash., for defendant in error.

Before GILBERT, HUNT, and RUDKIN, Circuit Judges.

GILBERT, Circuit Judge (after stating the facts as above). [1] It is earnestly contended that the defendants were improperly joined in the action as tort-feasors; that there was no allegation in the complaint and no proof on the trial of any joint mining or milling operations or joint deposit of waste material by the defendants. It may be conceded that by the weight of authority it is settled that, where several persons act separately and independently and not in concert, there is no joint liability for their separate torts in cases of nuisance or the pollution of streams. Miller v. Highland Ditch Co., 87 Cal. 430, 25 P. 550, 22 Am. St. Rep. 254; Farley v. Crystal Coal Co., 85 W. Va. 595, 102 S. E. 265, and note, 9 A. L. R. 933; Livesay v. Denver First Nat. Bank, 36 Colo. 526, 86 P. 102, 6 L. R. A. (N. S.) 598, 118 Am. St. Rep. 120.

Among the cases so holding is Verheyen v. Dewey, 27 Idaho, 1, 146 P. 1116, a case much relied upon by the plaintiffs in error as establishing for Idaho the rule of liability for the present case. It holds that, where defendants are charged as joint tort-feasors, but they act each for himself and independently of each other in the matter that results injuriously to another, they cannot be held jointly liable for the acts of each other. There the evidence showed that one of the two defendants owned and operated a canal and reservoir; that the other defendant, who had no interest therein or in the management thereof, opened up the gates of the reservoir, to the injury of the plaintiff's property. The decision can have no application to the case in hand.

In 26 R. C. L. 764, it is said: "There is a class of cases in which the defendants are jointly and severally liable, although they are several and not joint tort-feasors, as where there is no concert of action or unity of purpose, but the acts are concurrent as to place and time, and unite in setting in operation a single destructive and dangerous force which produces the injury. * * * If their acts are separate and distinct as to place and time, but culminate in producing a public nuisance, which injures the person or property of another, they are jointly and severally liable."

Judge Cooley, in his work on Torts, at page 247, says: "The weight of authority will, we think, support the more general proposition that, where the negligence of two or more persons concur in producing a simple, indivisible injury, then such persons are jointly and severally liable, although there was no common duty, common design, or concert of action." Among the cases so holding may be cited City of Valparaiso v. Moffitt, 12 Ind. App. 250, 39 N. E. 909, 54 Am. St. Rep. 522; The Débris Case (C. C.) 16 F. 25; Allison v. Hobbs, 96 Me. 26, 51 A. 245; Kansas City v. Slangstrom, 53 Kan. 431, 36 P. 706; Pickerill v. City of Louisville, 125 Ky. 213, 100 S. W. 873; Booth v. Ratte, 21 Can. S. C. 637.

The complaint in the present case distinctly alleges that the acts done by the defendants in dumping their mining débris and other débris from their mining camps into the waters and tributaries of the river were done in pursuance of a common design and by a united and mutual concert of action, and that for many years they co-operated and worked together in the prosecution of such common purpose with complete accord and concert of action, and the complaint set forth the facts to show such concert of action, such as their construction of dams to impound the débris and their joint acquisition of written agreements from property owners for release of claims for damages to

lands subject to overflow. It follows that the defendants were properly joined as tortfeasors.

[2] The defendants rely upon Pennsylvania Coal Co. v. Sanderson, 113 Pa. 126, 6 A. 453, 57 Am. Rep. 445, in which it was held by a bare majority of a divided court that the pollution of a stream by the running into it of acidulated water from a coal mine is damnum absque injuria, where the stream forms the natural drainage of the basin in which the coal is situated, and the mine is conducted in the ordinary and usual mode of mining. The doctrine of that case seems to have been rejected by every court to which it has been presented, and it is believed to be contrary to an unbroken line of decision in the United States and England. Beach v. Sterling Iron & Zinc Co., 54 N. J. Eq. 65, 33 A. 286.

[3] It is contended that the defendants had constitutional authority to use the waters of the stream as they had done, however injurious the consequences may have been to the property of others. Section 3, article 15, of the Constitution of Idaho, after confirming the right to divert and appropriate unappropriated waters of any natural stream to beneficial uses and defining the right of priority as between different appropriators, provides: "And in any organized mining district, those using the water, for mining purposes or milling purposes connected with mining, shall have preference over those using the same for manufacturing or agricultural purposes." It is asserted that by the provision so quoted a right has been conferred on the defendants to use the waters for mining and milling purposes, which creates a servitude on the plaintiff's lands and confers immunity from liability for the consequences of such use, and that any flooding or damage caused thereby to the plaintiff's land could not amount to a taking of his property.

We find no merit in the contention and no authority to sustain it. It asserts for the miner in Idaho constitutional rights unknown to American constitutional law—the right not only to a preference in the use of a stream, but the right to inflict unlimited injury upon property of those who have acquired vested rights as manufacturers or agriculturists. The constitutional provision, as we read it, gives preference to those engaged in mining, or milling connected with mining, only in their right to appropriate and use waters for the purposes of such mining and milling, and it can have no relation to the present controversy, for the plaintiff is not an ap-

propriator of the water and makes no claim thereto, and his cause of action has no relation to any question of relative rights to water. There is no warrant for saying that the Constitution confers the right to dump injurious and deleterious material into a stream.

Such is not the "use" contemplated by section 3, and it is distinctly so held by the Supreme Court of Idaho in Hill v. Standard Mining Co., 12 Idaho, 223, 85 P. 907, a case in which the court quoted with approval from Cooley on Torts (2d Ed.) p. 675, as follows: "So it is a nuisance if a riparian proprietor shall cast into the stream earth, sand, and refuse of his business, or other things, which by the flowing water are carried and deposited upon the land of a proprietor below. The tort here consists in the act of committing the rubbish to the stream; the deposit upon the land below is only the consequence from which a cause of action in favor of a particular individual arises." And so hold the decisions. Hobbs v. Amador & Sacramento Canal Co., 66 Cal. 161, 4 P. 1147; People v. Gold Run D. & M. Co., 66 Cal. 138, 4 P. 1152, 56 Am. Rep. 80; Fitzpatrick v. Montgomery, 20 Mont. 181, 50 P. 416, 63 Am. St. Rep. 622; Carson v. Hayes, 39 Or. 97, 65 P. 814; Drake v. Lady Ensley, etc., Co., 102 Ala. 501, 14 So. 749, 24 L. R. A. 64, 48 Am. St. Rep. 77, 2 Lindley on Mines, § 843.

[4-6] The defendants assign error to the overruling of their motions to strike out certain paragraphs of the complaint, to the denial of their motions for nonsuit at the close of the plaintiff's case, and to the refusal of the court to hear counsel on their motions for nonsuit. We find no error in any of those rulings. The portions of the complaint at which the motions to strike were directed contained pertinent allegations of the joint action of the defendants in discharging their mining débris and other refuse into the waters, which damaged the plaintiff's land. Some portions of those paragraphs may have been redundant, and subject to a motion to strike for the reason that they were recitals of facts; but other portions thereof were proper pleading to sustain the charge of joint and concerted action on the part of the defendants. The overruling of the motion for a nonsuit, having been waived by the defendants, by adducing testimony after the denial thereof, is not assignable here as error, nor is it reversible error to refuse to hear argument where, as here, no prejudice resulted therefrom. 4 C. J. 960, and cases there cited.

[7] At the conclusion of the trial the defendants made no request for a special finding or for a general finding in their favor, but each made a motion to dismiss the action on the ground of the plaintiff's failure to prove the allegations of his complaint. Dealing with that motion as a motion for a general finding in favor of the defendants, we turn to the evidence to ascertain whether its denial was error. The testimony is very voluminous, and it would serve no useful purpose to review it in detail. It is sufficient to say that, although as to some of the issues it is conflicting, it amply supports the judgment, both as to the tortious acts of the defendants and the extent and nature of the injury caused to the plaintiff's land. It shows beyond question that the defendants each contributed to that injury by discharging into common waters the poisonous débris from their mining operations, and that there was a common design and joint and co-operative action, in that in constructing dams to impound such débris the defendants acted together, and for their common protection secured releases from farmers for damages resulting from their mining operations and maintained an organization, in which they acted as a unit, for the disposition of such débris. Convincing in this respect was the record in this court in the case of McCarthy v. Bunker Hill & Sullivan Mining Co., 164 F. 927, 92 C. C. A. 259. In that case these defendants were parties defendant, and in their sworn answer they set up their joint action in purchasing large tracts of land, and in constructing and maintaining two dams for the express purpose of impounding the tailings from their mines, to which construction and maintenance, as the answer alleged, each defendant had contributed his share of the cost thereof.

We find no error. The judgment is affirmed.