TALBOTT ET AL., RESPONDENTS, v. BUTTE CITY WATER
COMPANY APPELLANT.

(No. 1,256.)

(Submitted October 6, 1903.   Decided October 26, 1903.)

*Water Rights—Appropriation—Adverse User—Landlord and Tenant—Estoppel—Instructions.*

1. On an issue as to the rights of plaintiffs and defendant in the waters of a certain creek, plaintiffs alleged that defendant had leased the waters from them, and was estopped from claiming any adverse rights until the expiration of five years from the termination of the tenancy. Defendant claimed by adverse user.  The testimony showed that, if the relation of landlord and tenant had ever existed, it was only for a few days, when the water was turned back to plaintiffs, and the relationship terminated.  The court instructed the jury that, if the relationship of landlord and tenant had existed, there could be no adverse possession until the expiration of five years from the termination of the tenancy.  *Held,* that the instruction was erroneous, as Compiled Statutes 1887, Section 37, does not apply after the tenant delivers up possession, but only where the tenant is holding possession of the property obtained under the lease.
2. The court having admitted all testimony, and the cause having been one in equity, the error was harmless.
3. Where a cause has been treated in the trial court as an equitable action, neither party can, on appeal, assume a position antagonistic to such theory.
4. Since the findings of the jury in a cause in equity are merely advisory, errors in instructions are harmless.
5. No use of water by a subsequent appropriator can be said to be adverse to the right of a prior appropriator unless such use deprives the prior appropriator of it when he has actual need of it.
6. The use of water may ripen into a right by adverse user.   (MR. JUSTICE MILBURN dissenting.)

*Appeal from District Court, Silver Bow County; John Lindsay, Judge.*

ACTION by James A. Talbott and others against the Butte City Water Company.  From a judgment for plaintiffs, and from an order denying a new trial, defendant appeals.  Affirmed.

STATEMENT OF THE CASE.

This action was brought by the plaintiffs (respondents) to secure a decree of the court settling the relative rights of the

parties to the use of the waters of the Black Tail Deer creek, in Silver Bow county, Montana, to have the defendant restrained from diverting the waters of such creek from its natural channel, and for damages alleged to have been caused by the acts of the defendant in depriving the plaintiffs of the use of the waters to which it is claimed they were entitled.

The plaintiffs Talbott and Thompson claim to be the prior appropriators of all the waters of Black Tail Deer creek, as against any claim of the defendant; and the plaintiff Boyce claims to be the prior appropriator of 150 inches of such waters, as against any claim of the defendant. The plaintiffs further allege in their complaint that in 1886 the Basin Flume Company, the predecessor in interest of this defendant, leased the use of the waters of Black Tail Deer creek from this plaintiff Talbott and one Olin, the predecessor in interest of the plaintiff Thompson; that thereby the relationship of landlord and tenant was created; and that the defendant herein is estopped from claiming any right adverse to the plaintiffs Talbott and Thompson until the expiration of five years from the termination of such tenancy.

The defendant answered, denying the allegations of the complaint, and alleging that, if the plaintiffs ever had any right to the use of such waters, that right had been lost by abandonment prior to the commencement of this action, and pleading affirmatively, first, that it is the prior appropriator of all the waters of Black Tail Deer creek; and, second, that prior to the commencement of this action it had acquired title to the use of all the waters of said creek by adverse user.

The cause was tried to the court and jury, and numerous special interrogatories were submitted to the jury, and by them answered. Upon the trial the court, among others, gave, at the request of the plaintiffs, instructions numbers 7 and 8, which read as follows: "No. 7. The court instructs the jury that, when the relation of landlord and tenant has existed between any persons, the possession of the tenant is deemed the possession of the landlord, until the expiration of five years from the

termination of the tenancy, or where there has been no written lease, until the expiration of five years from the time of the last payment of rent, notwithstanding that such tenant may have acquired another title, or may have claimed to hold adversely to his landlord; but such presumption cannot be made after the periods herein limited. No. 8. The court instructs the jury that if they find from the evidence that the relation of landlord and tenant, as to the waters of Black Tail Deer creek, existed between Olin and Talbott, as owners, and the Basin Flume Company, as tenant, in the year 1886, as alleged in plaintiffs' complaint, then there can be no disseisin or adverse possession by the said Basin Flume Company, or by any party succeeding to the possession of said company, until the expiration of five years from the termination of said tenancy, or, if there was no written lease, until the expiration of five years from the time of the last payment of rent, if rent for the use of the waters of Black Tail was paid"—and at the request of the defendant gave an instruction, numbered 6, which reads as follows: "No. 6. You are instructed, that where one who claims by reason of adverse possession entered as tenant, but afterwards returned the leased property, and thereafter re-enters and holds adversely for the period of five years, that said re-entry and adverse holding vest the title in the claimant, and that the period of adverse possession begins to run at the day of said re-entry, if the re-entry is hostile and adverse to the interest of the real owner."

All the special interrogatories were answered in favor of plaintiffs, and the jury found that the plaintiffs had been damaged in the sum of $1,073. The defendant afterwards stipulated that the evidence is sufficient to sustain that finding, but particularly disclaimed liability for the damages. The court adopted the findings of the jury, and entered a decree in favor of the plaintiffs, adjudging the plaintiffs Thompson and Talbott entitled to the use of all the waters in Black Tail Deer creek appropriated in 1869, and the plaintiff Boyce entitled to the use of 150 inches thereof appropriated in 1879, and that each of these appropriations is prior and superior to any right of the defendant to the use of any of the waters of said creek. From

this decree, and the order denying the defendant a new trial, these appeals are prosecuted.

*Mr. J. B. Roote,* and *Messrs. Forbis & Evans,* for Appellant.

This case was tried on a wrong theory; the landlord and tenant theory was entirely foreign to the issue joined, the permission of Olin to the diversion and use of the water by the Basin Flume Company was only an easement, and the relation of landlord and tenant could not, and cannot, under any conceivable state of facts, exist between any parties with respect to an easement. (*Swift et al.* v. *Goodrich et al.,* 70 Cal. 103; Angell on Watercourses, Sec. 8; *Carey* v. *Daniels,* 5 Metc. 238; *Crittendon* v. *Alger,* 11 Metc. 284; 1 Wash. Real Prop. 310; Taylor on Land. and Ten. Sec. 699; Bing. Real. Prop. 17; *Tyler* v. *Wilkenson,* 4 Mason, 400; *Stein* v. *Burden,* 29 Ala. (N. S.) 127, s. c. 24 Ala. (N. S.) 130; *Burden* v *Stein,* 27 Ala. (N. S.) 104; 2 Black. Com. 14 and 18; 3 Kent Com. ( 3d Ed.) 434, 439, 441; Civil Code of Napoleon, Art. 640 · *Hazard* v. *Robinson,* 3 Mason, 277; Civil Code of Montana, Secs. 1250, 1251.)

The question might naturally arise,—can this court consider this question, raised for the first time on appeal, and not hitherto having been broached, nor even thought of? Again, will this court permit a change of front at this late date? Has not the appellant, by its participation in the error complained of, waived its right to raise the question now? And is it not estopped from doing so? And is it guilty of a breach of faith in this radical change of front? We think all of these questions are satisfactorily answered by the following cases: *Wiggins Ferry Co.* v. *O. & M. Ry.,* 142 U. S. 396; *Hubbard* v. *Sullivan,* 18 Cal. 525; *Ward* v. *Craig,* 87 N. Y. 550; *Kenner* v. *Creditors,* 8 Martin (N. S.) La. 51; *Watts* v. *Waddle,* 6 Pet. 389; *Walden* v. *Bodley,* 14 Pet. 156; *Neale* v. *Neales,* 9 Wall. 1; *Handin* v. *Boyd,* 113 U. S. 765; and see, also, Hayne on New Trial & Appeal, Sec. 279; Code of Civil Proc. Sec. 21; 2 Ency. Pl. & Pr. 372.

The appellant acquired title to the water in dispute by prescription. (*Hesperia L. & W. Co.* v. *Rogers,* 83 Cal. 10; *Union Water Company* v. *Crary,* 25 Cal. 504; *Woolman* v. *Garringer,* 1 Mont. 544; *Davis* v. *Gale,* 32 Cal. 35; *Evans* v. *Ross,* 8 Pac. 88; *Bealy* v. *Shaw,* 6 East. 208; *Balston* v. *Bensted,* 1 Camp. 463; *Richard* v. *Williams,* 7 Wheat. 59; *Williams* v. *Nelson,* 23 Pick. 141; *Calvin* v. *Burnett,* 17 Wend. 564; *Hammond* v. *Zehner,* 23 Barb. 473; *Campbell* v. *Wilson,* 3 East. 294; *Tyler* v. *Wilkenson,* 4 Mason, 397; *Gallagher* v. *Water Co.,* 35 Pac. 770; Comp. Stats. Mont. 1887, Secs. 29, 30, 32, 33; *Smith* v. *Logan,* 1 Pac. 678; *Lux* v. *Haggin,* 4 Pac. 919; *Spargur* v. *Heard,* 27 Pac. 198; *Jatunn* v. *Smith,* 30 Pac. 200; *Huston* v. *Bybee,* 20 Pac. 51; *Water Co.* v. *Richardson,* 14 Pac. 379; *Arthurs* v. *Bryant,* 38 Pac. 439; *Smith* v. *Greene,* 41 Pac. 1022; *Humphreys* v. *Blasingame,* 37 Pac. 804; *Richard* v. *Hupp,* 37 Pac. 920; *Cowell* v. *Thayer,* 5 Metc. 253, s. c. 38 Am. Dec. 400; *Messenger's Appeal,* 109 Pa. St. 290; *Garrett* v. *Jackson,* 20 Pa. St. 331; *Swift* v. *Goodrich,* 70 Cal. 103, s. c. 11 Pac. 561; 28 Am. & Eng. Ency. of Law, 1002 *et seq.; Bolivar Mfg. Co.* v. *Neponset Mfg. Co.,* 16 Pick. 241; *Lehigh Valley R. Co.* v. *McFarlan,* 43 N. J. Law, 628; *Powers* v. *Osgood,* 102 Mass. 454; *Cornwell* v. *Swift,* 89 Mich. 503; *Hall* v. *Swift.* 4 Bing. N. Cas. 381; *Gerenger* v. *Summers,* 2 Ind. (N. C.) 229; Angell on Watercourses, 362; *Perrin* v. *Garfield,* 37 Vt. 310; Gale and What. on Easements, 84; *Alta Land & Water Co.* v. *Handcock,* 85 Cal. 219; *Davis* v. *Gale,* 32 Cal. 26; *Am. Co.* v. *Bradford,* 27 Cal. 361; 3 Kent Com. 441 to 446; *Shaw* v. *Crawford,* 10 John. 236; *Johns* v. *Stevens,* 3 Vt. 316; *Crandall* v. *Woods,* 8 Cal. 136; *Cox* v. *Clough,* 70 Cal. 345; *Mason* v. *Hill,* 3 Barn & Adolph, 304; *Buddington* v. *Bradley,* 10 Conn. 213; *Baldwin* v. *Calkins,* 10 Wend. 167; *Barbour* v. *Pierce,* 42 Cal. 657.)

*Messrs. McBride & McBride,* for Respondents.

The attempted defense of action barred and of adverse possession, are entirely untenable and without merit in this action. (*Anheim Water Co.* v. *Semi-Tropic Water Co.,* 64 Cal. 192; *Mining Co.* v. *Ferris,* Fed. Cases No. 14,271.)

"The words 'land' or 'lands' and the words 'real estate' shall be construed to include lands, tenements and hereditaments and all rights thereto and all interests therein." (Sec. 145, Subd. 5, Revised Stat. of 1879; Sec. 202, Subd. 5, page 648, Compiled Stat. of 1887.)

"Easements" are held to be within the term "land" in the following cases: *Farmers' L. & T. Co.* v. *Ansonia,* 61 Conn. 85; *State* v. *Railroad Com'rs,* 56 Conn. 308; *New Haven* v. *Fair Haven, etc. R. Co.,* 38 Conn. 430; *Ray* v. *Sweeny,* 14 Bush, (Ky.) 1; *Freeholders* v. *Red Bank, etc. Turnpike Co.,* 18 N. J. Eq. 91; *Brower* v. *Tichenor,* 41 N. J. L. 345; *Whiteriver Turnpike Co.* v. *Vermont Central R. Co.,* 21 Vt. 597; *Boston Water Power Co.* v. *Boston, etc. R. Corp.,* 23 Pick. (Mass.) 395; *Ellis* v. *Welch,* 6 Mass. 246; *Parks* v. *Boston,* 15 Pick. (Mass.) 203.

Ejectment will lie to recover a ditch and water rights. (*Integral Q. M. Co.* v. *Altoona Q. M. Co.,* 75 Fed. 380, 382, 383 and 384; *Reed* v. *Spicer,* 27 Cal. 58; *Canal Co.* v. *Kidd,* 37 Cal. 282; *Mitchell* v. *Mining Co.,* 75 Cal. 464, s. c. 17 Pac. 246.)

The ditch and water right were certainly the subject of lease and the relation of landlord and tenant could exist as to such property. (*Integral Q. M. Co.* v. *Altoona Q. M. Co.,* 75 Fed. 380; *Reed* v. *Spicer,* 27 Cal. 5; *Canal Co.* v. *Kidd,* 37 Cal. 282; *Mitchell* v. *Mining Co.,* 75 Cal. 464, s. c. 17 Pac. 246; Sec. 145, Subd. 5, Revised Stat. of 1879; Sec. 202, Subd. 5, page 648, Compiled Stat. of 1887; *Farmers' L. & T. Co.* v. *Ansonia,* 61 Conn. 85; *State* v. *Railroad Com'rs,* 56 Conn. 308; *New Haven* v. *Fair Haven, etc. R. Co.,* 38 Conn. 430; *Ray* v. *Sweeney,* 14 Bush. (Ky.) 1; *Freeholders* v. *Red Bank, etc. Turnpike Co.,* 18 N. J. Eq. 91; *Brower* v. *Tichenor,* 41 N. J. L. 345; *Whiteriver Turnpike Co.* v. *Vermont Central R. Co.,* 21 Vt. 597; *Boston Water Power Co.* v. *Boston, etc. R. Corp.,* 23 Pick. (Mass.) 395; *Ellis* v. *Welch,* 6 Mass. 246; *Parks* v. *Boston,* 15 Pick. (Mass.) 203.)

Even if, under the facts as disclosed by the record of this

case, the relation existing between Olin and Talbott and the Basin Flume Company technically was incorrectly designated as the relation of landlord and tenant, the appellant not having raised the question in the district court, but on the contrary having given testimony and asked instructions on the theory that such relation existed, will not be heard to complain of the action of the district court in acquiescing in and acknowledging the existence of such relation conceded to exist by both plaintiff and defendant. (*Davis et al.* v. *Jacoby*, 55 N. W. Rep. 908; *Leavenworth N. & S. Co.* v. *Curtan*, 33 Pac. 297.)

The supreme court will not review an error of law not raised in the district court. (*Tuttle* v. *Merchants' Nat'l Bank*, 19 Mont. 11.)

Use of water by a subsequent appropriator at times when the water is not needed by a prior appropriator will not ripen into a prescriptive title. (Long on Irrigation, Sec. 90, page 159; *Union Mill. & Min. Co.* v. *Ferris*, 2 Sawy. 176; *Anheim Water Co.* v. *Semi-Tropic Water Co.*, 64 Cal. 185; *Lakeside Ditch Co.* v. *Crane*, 80 Cal. 181; *Jensen* v. *Hunter*, 41 Pac. 14, 16, 17; *Faulkner* v. *Rodoni*, 37 Pac. 883, 886; *Smith* v. *Hope M. Co.*, 18 Mont. 442; *Hargrave* v. *Cook*, 108 Cal. 72, 41 Pac. 18.)

"No adverse user can be initiated until the owners of the water right are deprived of the benefit of its use in such a substantial manner as to notify them that their rights are being invaded." (*Bowman* v. *Bowman* (Ore. 1899), 57 Pac. 546; *Boyce* v. *Cupper* (Ore. 1900), 61 Pac. 642.)

"From these principles it follows that no prescriptive right to water can be acquired by the use thereof by permission or sufferance of the owner, who continues to exercise domain over it." (*Crawford* v. *Minnesota & M. Land & Imp. Co.*, 15 Mont. 153, 38 Pac. 713; *Egan* v. *Estrada* (Ariz. 1899), 56 Pac. 721; *Bathgate* v. *Irvine* (Cal. 1899), 58 Pac. 442.)

"So, also, where there is sufficient water in the stream to supply the wants and demands of all the parties, its use by one cannot be an invasion of the rights of any other, and hence cannot

be the foundation of any prescriptive claim'.' (*Egan* v. *Estrada* (Ariz. 1899), 56 Pac. 721; *Anheim Water Co.* v. *Semi-Tropic Water Co.*, 64 Cal. 185, 30 Pac. 623; *Church* v. *Stillwell*, 12 Colo. App. 43, 54 Pac. 395; *North Powder Milling Co.* v. *Coughanour* (Ore.), 54 Pac. 223.)

MR. JUSTICE HOLLOWAY, after stating the case, delivered the opinion of the court.

Only two questions are discussed in the brief, and only those will be considered:

(1) Did the trial court err in its instructions to the jury, and, if so, was the error prejudicial? (2) Did the defendant establish a right to the use of the waters of Black Tail Deer creek by adverse user?

1. It is contended that the court erred in its instructions with reference to the question of the relationship of landlord and tenant, alleged to have existed between the Basin Flume Company, predecessor in interest of the defendant water comcompany, and Olin and Talbott, predecessors of Talbott and Thompson, two of the plaintiffs.

Instruction No. 8, above, given at the instance of the plaintiffs, and No. 6, above, given at the instance of the defendant, are absolutely contradictory. Section 37, First Division, Compiled Statutes of 1887, is copied in instruction No. 7, above. The construction given this section by the court in instruction No. 8, above, is clearly erroneous. The section deals with the question of possession, while the instruction erroneously applies the doctrine to the *relationship* of landlord and tenant. Under that section, so long as the tenant is holding *possession* of property obtained from his landlord while the relationship of landlord and tenant exists, the doctrine of the section applies; but, as soon as the tenant delivers up his possession and the relationship is fully terminated, the section ceases to have any application, and an adverse holding can therefore be immediately initiated by a hostile re-entry into such possession.

The testimony shows that, if the relationship of landlord and tenant ever existed at all, it existed only for a few days in 1886, when the water was turned back to the predecessors of plaintiffs, and the relationship fully terminated.

However, that error is without prejudice in this instance, for, notwithstanding such instructions, the court had admitted all the testimony offered on behalf of the defendant tending to prove its adverse user; at least, no complaint is here made that any testimony offered in that behalf was excluded. The matter was treated in the district court throughout as a suit in equity. In fact, the opening statement in appellant's brief is, "This is an equitable action." And without disposing of the question whether in fact it is an action at law, or a suit in equity, it is sufficient to say that when a cause has been tried upon a certain well-defined theory, neither party will be heard in this court, on oral argument, for the first time, to assume a position antagonistic to such theory. (*Harris* v. *Llloyd,* 11 Mont. 390, 28 Pac. 736, 28 Am. St. Rep. 475; *Leavenworth N. & S. Co.* v. *Curtan,* 51 Kan. 432, 33 Pac. 297; *Davis* v. *Jacoby,* 54 Minn. 144, 55 N. W. 908.) .

Assuming, then, that the cause was one in equity, the findings of the jury are merely advisory to the court, and errors in instructions given to the jury are without prejudice. (*Lawlor* v. *Kemper,* 20 Mont. 13, 49 Pac. 398; *Haggin* v. *Saile,* 23 Mont. 375, 59 Pac. 154; *Wetzstein* v. *Largey,* 27 Mont. 212, 70 Pac. 717.) In this instance the whole matter of the relationship of landlord and tenant, upon which the erroneous instructions were given, can be entirely eliminated from consideration. The allegations of the complaint with reference to it were insufficient to constitute a plea of estoppel, and the consideration given the subject by the trial court so completely failed to affect in any manner the substantial merits of the controversy that it is not deemed necessary to remand the cause in order that all reference to it be eliminated from the decree. No contention is made here that any evidence was offered on behalf of the defendant tending to establish its right by prior appropri-

ation.     The plaintiffs apparently relied upon their claim as prior appropriators, and the defendant upon title by adverse user.

2.     The testimony offered on behalf of the defendant shows that for five years prior to the commencement of this action the defendant and its predecessor in interest had used some, and at certain times all, of the waters of Black Tail Deer creek, at least a portion of every year; but there is no showing whatever that such use was had at any time when these plaintiffs had need of the water, or that the use of the water by the defendant interfered with its use by the plaintiffs prior to the year 1891, while this action was commenced in 1893.     In order that the use of the water by the defendant company might ripen into a right by adverse user, as against the plaintiffs, such use must have been open, notorious, continuous, adverse and exclusive, under a claim of right.     (Long on Irrigation, Sec. 90, p. 160; *Cox* v. *Clough,* 70 Cal. 345, 11 Pac. 732.)     It is not sufficient for defendant company to show that its use of the water was open, notorious and continuous, but it must show that such use was adverse—that is, its use of the water must have been such an invasion of plaintiffs' right to its use, as that they could have maintained an action against the defendant for such invasion; and such adverse use must have been continuous for a period of time equal to the period of the statute of limitations, which in this instance was five years.     (*Yankee Jim's Union Water Co.* v. *Crary,* 25 Cal. 504, 85 Am. Dec. 145.)     This doctrine is too well established now to be open to serious controversy.     (Long on Irrigation, Sec. 90; *Faulkner* v. *Rondoni,* 104 Cal. 140, 37 Pac. 883; *Smith* v. *Logan,* 18 Nev. 149, 1 Pac. 678; *Alta L. & W. Co.* v. *Hancock,* 85 Cal. 219, 24 Pac. 645, 20 Am. St. Rep. 217.)

The plaintiffs had use for the water only for agricultural and mining purposes, and, when not so using it, the law required them to turn it back into the stream for the use of this defendant, or any other person or corporation which might have a right to its use.     No use of water by a subsequent appropriator can

be said to be adverse to the right of a prior appropriator, unless such use deprives the prior appropriator of it when he has actual need of it.   To take the water when the prior appropriator has no use for it, invades no right of his, and cannot even initiate a claim adverse to him.   "When there is sufficient water in the river to supply all parties, there can be no such thing as adverse use of the water to start the statute of limitations running. Each is entitled to the use of the water, and it is only when the water becomes so scarce that all of the parties cannot be supplied, and that one appropriator takes water which by priority belongs to another appropriator, that there is an adverse use." (*Egan* v. *Estrada* (Ariz.), 56 Pac. 721; *Anaheim Water Company* v. *Semi-Tropic Water Company*, 64 Cal. 185, 30 Pac. 623.)

The evidence introduced on behalf of the plaintiffs tended to show that they had sufficient water to supply their needs until 1891.   The evidence failed to establish a right in the defendant to the use of the water by adverse user, while it is amply sufficient to sustain the findings of the court that the plaintiffs are prior appropriators, and, as such, entitled to the use of the water as against any claim of the defendant.

The judgment and order appealed from are affirmed.

*Affirmed.*

MR. JUSTICE MILBURN:  I concur in the conclusion reached by MR. JUSTICE HOLLOWAY, that the judgment of the lower court must be affirmed.   I do not think it necessary, however, under the circumstances of this case, to decide now that a water right can be obtained by adverse user.   If there be such a thing as a water right not obtained in the way expressly provided by the Code for the acquiring of a water right—that is, by actual appropriation, posting notice, filing and recording declaration in writing, etc.—but obtained by adverse use, such acquirement by adverse use was not proven in the case at bar.   For this reason, the defendant could not prevail against the plaintiffs. This simple statement, in my opinion, should be sufficient, with-

out undertaking now to settle the unnecessary question; that is, whether a water right can be obtained by adverse use. I am not inclined to the belief that it can be so acquired.

(Submitted October 6, 1903. Decided October 26, 1903.)