HARVEY M. ABRAMS, APPELLANT, V. HIRAM C. TAINTOR ET AL., APPELLEES.

FILED MARCH 8, 1906.    No. 14,178.

1. Mortgage Foreclosure: TRUSTEE. A mortgage made to a trustee may be foreclosed by him without joining the beneficiary as a plaintiff.

2. ———: REVIVOR. Where the beneficiary is made a coplaintiff with the trustee in a foreclosure action, and dies while the suit is pending, irregularity or error in reviving the suit in the name of his administrator is without prejudice to further proceedings in the case, as he was not a necessary party plaintiff.

3. ———: ADVERSE POSSESSION. A mortgagor's possession of the mortgaged premises after foreclosure and sale will not become· adverse until notice to the purchaser that he is holding in hostility to his title.

APPEAL from the district court for Knox county. JOHN F. BOYD, JUDGE. Affirmed.

W. A. Meserve and E. A. Houston, for appellant.

J. H. Berryman, O. W. Rice and Charles B. Keller, contra.

DUFFIE, C.

October 1, 1887, Harvey M. Abrams, the appellant, borrowed $3,300 and to secure payment thereof executed a mortgage upon the premises in controversy in this action maturing October 1, 1892. The mortgage ran to L. W. Tulleys, trustee. At the same time he executed to Burn-

ham, Tulleys & Co., the agents through whom the loan was obtained, a second mortgage on the same premises to secure the sum of $330, the amount of their commission. This mortgage matured before the first mortgage and, not being paid when due, Burnham, Tulleys & Co. commenced an action to foreclose the same, which went to decree October 21, 1890. The premises were thereafter sold under the decree and a sheriff's deed issued to Burnham, Tulleys & Co., bearing date January 6, 1892. While L. W. Tulleys, trustee, was made a party defendant in the action, no right which he held under the mortgage was attempted to be cut off or foreclosed, the decree reciting "that the equity of redemption of the defendants, and each and all of them, except L. W. Tulleys, trustee, be foreclosed and forever barred, and said mortgaged premises shall be sold and an order of sale shall issue to the sheriff of Knox county, Nebraska, after the expiration of three months from date, commanding him to sell the real estate above described as upon execution, subject to the lien existing in favor of L. W. Tulleys, trustee, and bring the proceeds thereof into court to be applied in satisfaction of the sum so found due." No possession of the premises was taken under the deed issued in this case. The note secured by the first mortgage was indorsed to Hiram H. Taintor, and in July, 1893, L. W. Tulleys' trustee, and Hiram H. Taintor, beneficiary, commenced an action to foreclose the first mortgage, making Harvey M. Abrams and wife, Burnham, Tulleys & Co., and other parties claiming to have some interest in the land, parties defendant. This action went to decree May 22, 1894. From the evidence produced upon the trial of the case at bar, it appears that Hiram H. Taintor, one of the plaintiffs in the action, died in March, 1894, previous to the entry of the decree, and on September 24, 1894, the action was revived in the name of Hiram C. Taintor, administrator of his estate. No conditional order of revivor was made and served upon the defendants in the action, nor was any supplemental pleading filed by the admin-

istrator, but upon the suggestion of the death of Hiram H. Taintor the court forthwith entered an order reviving the action. The mortgaged premises were sold under the decree and bid in by Hiram C. Taintor, assignee, and a sheriff's deed duly issued, bearing date November 2, 1895. No possession of the premises was ever taken under this deed, and Abrams, the mortgagor, has at all times remained in possession of the premises. In 1901 plaintiff and appellant commenced this action to quiet his title to the premises, basing his claim upon adverse possession for more than ten years. Burnham, Tulleys & Co. answered the petition, in effect disclaiming any interest in the premises since the making of the sheriff's deed to Hiram C. Taintor. Taintor filed an answer and crosspetition asking that the title be quieted in him and that he be awarded a right of possession. From a decree quieting title in the defendant Taintor, the plaintiff has appealed.

On the submission of the case, appellant abandoned his claim to have title quieted in him, but he insists that the court erred in quieting title in defendant Taintor, and urges that the foreclosure proceedings, under which Taintor obtained a sheriff's deed to the premises, were void on account of the death of Hiram H. Taintor, one of the original parties in the foreclosure proceeding, and the revival of the action in the name of Hiram C. Taintor without notice of any kind to any of the defendants in the action, and without any appearance on the part of any of the defendants. It may be conceded, for the purposes of this case, that the court erred in reviving the action without notice to the defendants, but, if Hiram H. Taintor was not a necessary party to the action, then such error was without prejudice and would not invalidate the further proceedings in the case. It will be remembered that the mortgage in that case ran to L. W. Tulleys, trustee, and that L. W. Tulleys, trustee, was a party plaintiff to the foreclosure proceeding. While Hiram H. Taintor, the beneficiary, was also made a plaintiff, and while he

was a proper party, we do not think that he was a necessary party plaintiff in the case. Section 32 of the code is as follows: "An executor, administrator, guardian, trustee of an express trust, a person with whom or in whose name a contract is made for the benefit of another, or a person expressly authorized by statute, may bring an action without joining with him the person for whose benefit it is prosecuted. Officers may sue and be sued in such name as is authorized by law, and official bonds may be sued upon in the same way." In *Hays v. Galion Gas Light and Coal Co.,* 29 Ohio St. 330, the question was before the supreme court of Ohio, and, speaking of the right of the trustee to foreclose a mortgage without joining the beneficiaries, it was there said:

"Whether the owners of the debt, or beneficiaries under the trust, are numerous or not, he may so act or sue without uniting with him those for whose benefit the action is prosecuted. Code, ·sec. 27; *Coe v. Columbus, P. & I. R. Co.,* 10 Ohio St. 372; Pomeroy, Code Remedies, sec. 174."

To the same effect is Wiltsie, Mortgage Foreclosures, sec. 110. It is true that in some jurisdictions it has been held that, where the trust is merely nominal, it is necessary for the trustee to join with him as coplaintiffs the *cestuis que trust,* except in those cases where the beneficiaries are numerous, as in the case of mortgages to secure railroad and other bonds; but we prefer to follow the decision of the Ohio court based on a statute similar to, if not identical with, section 32 above quoted. Hiram H. Taintor not being a necessary party to the foreclosure proceedings, it was unnecessary to revive the action as to him, as it could still proceed in the name of Tulleys, trustee, and any error in the proceedings to revive were without prejudice.

If we understand the theory of the plaintiff and appellant, it is that, having held possession of the premises for more than ten years after the deed issued to Burnham, Tulleys & Co. under their foreclosure, he has ac-

quired title by adverse possession. In his brief it is said: "We contend that even if the foreclosure of the $3,300 mortgage was valid the legal effect thereof would not arrest the running of the statute of limitations in favor of appellant, as the result of said action was merely a conveyance by process of law of the title from Burnham, Tulleys & Co. to Hiram C. Taintor, and its effect would be no greater than a deed executed." There are two reasons why we cannot agree with this contention: First. The law appears to be well settled that possession by the mortgagor, after foreclosure and sale under the mortgage, is not adverse to the purchaser at the foreclosure sale until actual notice of an adverse holding is brought home to the purchaser. In *Root v. Woolworth*, 150 U. S. 401, 415, the court, discussing this question, say:

"If, since that decree, he has inclosed a part of the land, cut wood from it, or cultivated it, he would be treated and considered as holding it in subordination to the title of Morton and his privy in estate, until he gave notice that his holding was adverse, and in the assertion of actual ownership in himself. * * * Without such notice the length of time intervening between the decree and the institution of the present suit would give him no better right than he previously possessed, and his holding possession would, under the authorities, be treated as in subordination to the title of the real owner. This is a well-established rule."

Numerous cases from different states are cited by the court in support of this proposition. Under this rule the plaintiff's possession was not adverse, even as against Burnham, Tulleys & Co., as the record nowhere discloses any notice brought home to them that the plaintiff was in possession claiming adversely to them. Second. Even though the statute were held to run as against Burnham, Tulleys & Co. on account of the plaintiff's continued possession of the premises, it would not commence running against Taintor before his mortgage was barred. So long as he may maintain an action on his mortgage,

he has a right to call upon the court to foreclose and order a sale and the delivery of the possession, regardless of the length of possession by the mortgagor or the claim under which possession was held. As stated by appellee, if the statute could be started in the manner claimed by appellant, then one giving a long time mortgage might take a second, due at an early date, have foreclosure proceedings instituted and the premises bid in, and in this way bar the first mortgagee, even before the maturity of his claim. The law is not so inconsiderate of the rights of a creditor.

The district court was undoubtedly right in entering the decree which it did, and we recommend its affirmance.

ALBERT and JACKSON, CC., concur.

By the Court: For the reasons stated in the foregoing opinion, the decree of the district court is

AFFIRMED.